# UNITED STATES DISTRICT COURT

CIVIL ACTION NO. ____

PLAINTIFFS: STEVEN McDONALD
JOEL WEINREBE
ROBERT MANOSKY
ROBERT RAMOS
JOHN DOE
  vs.

05-11412 PBS
Referred to M. Lea T. Sorokin

DEFENDANTS: Joseph McDONALD (Sheriff)
BRIAN GILLEN - Superintendant
TONY MONIZ - Director of Security
MICHEAL NERI - Asst. Deputy Superintendant
MICHEAL AUSTIN - Unit Counselor

## I. COMPLAINT

1. Plaintiff Steven McDonald and plaintiffs, pro se,

## II. Parties, Jurisdiction and Venue

2. Plaintiff Steven McDonald is confined in the Plymouth County Jail located at 26 Long Pond Road Plymouth Massachusetts from April 17th 2005 to present

This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

### III Exhaustion of Administrative Remedies

Plaintiff's used the prisoners grievance procedure in this institution (Plymouth County Jail) to try to solve my problem. On May 20 and June 5th of 2005 I presented the facts relating to my complaint in Plymouth County Jail still nothing. Still refused access to law library

# DEFENDANTS

DEFENDANT NO. 1 - Sheriff Joseph McDonald who is the Sheriff of the Plymouth County Jail being sued individually and in his own official capacity.

DEFENDANT NO. 2 - Superintendant Brian Gillen who is the Superintendant of the Plymouth County Jail being sued individually and in his own official capacity.

DEFENDANT NO. 3 - Director of Security Tony Moniz who is the Director of Security of the Plymouth County Jail being sued individually and in his own official capacity.

DEFENDANT NO. 4 - Asst. Deputy Superintendant who is the A.D.S. of the Plymouth County Jail who is being sued individually and in his own official capacity. (Micheal Neri)

DEFENDANT NO. 5 - Unit Counselor Micheal Austn who is the Unit Counselor of the Plymouth County Jail being sued individually and in his own official capacity.

## IV Statement of Claim

At all relevant times herein, defendants were "persons" for purpose of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiffs of use of law library which falls under their Constitution rights, as set forth more fully below.

## V Prayer for Relief

Plaintiff request an order declaring that the defendants have acted in violation of the United States Constitution.

Plaintiffs request an injuction compelling the defendants to provide access of use of the law library that general population has access too.

Plaintiffs request $1,000,000 as compensatory damages.

Signed this         day of

_Steven McDonald_
Plaintiff

I declare under penalty of perjury that the forgoing is true and correct.

## Statement of Facts

1. On April 17th 2005 I was placed in the G-Unit which is awaiting bed space for the protective custody unit, A-1.

2. On April 17th 2005 I asked a female caseworker by the name of (Laural) last name unknown if I could go to the law library to do research on my 6 pending legal cases.

3. Caseworker informed me that I could not go

4. April 27th Again I asked this female caseworker to use Law Library at least for one hour a week she informed me that the G-Unit is not allowed to use Law Library.

5. Caseworker then informs me to put it on a Request form at to what I need in Law Library.

6. On 5/19/05 I was then placed in the protective Custody Unit, A-1.

7. On 5/22/05 I put a Request into the Unit Counselors Micheal Austin asking to use Law Library.

8. "No Request form came back"

9. On 5/23/05 I put in a Request form to Asst. Deputy Micheal Neri asking to access Law Library.

10. "No Response", "No Request back".

11. On 5/28/05 I spoke with Unit Counselor Micheal Austin asked if I could access Law Library

12. Unit Counselor Mr. Austin informed me that protective custody inmates cannot access Law Library.

13. Following week around 6/2/05 again I asked about access to Law Library and again I was denied.

14. Same week of 6/2/05 I spoke to U.T.M Micheal Neri who is above the Unit Counselor, Captains ect I asked to use Law Library he informs me that I cannot and that a computer is being put in housing unit.

15. Same week U.T.M. Micheal Neri informs me that protective custody inmates cannot access Law Library.

16. Few days later plaintiff speaks to U.T.M. Micheal Neri Requesting again that I need access to Law Library to Research my pending legal case!

17. U.T.M Micheal Neri Refuses me access to Law Library.

18. On 6/5/05 put in last Requests to Unit Counselor Micheal Austin as to Access to use Law Library.

19. On 6/5/05 put in last to U.T.M. Micheal Neri as to Access to use Law Library.

(End of Statement of Facts)