```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

STEVEN McDONALD,                )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 05-11412-PBS
                                )
JOSEPH MCDONALD,                )
          Defendant.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff Steven McDonald's Motion to Proceed In Forma Pauperis is denied without prejudice; and (2) the clerk shall correct the case caption to list plaintiff McDonald as the sole plaintiff.

## BACKGROUND

On June 23, 2005, plaintiff Steven McDonald, an inmate in the custody of the Plymouth County Correctional Facility ("PCCF"), filed a civil rights complaint on behalf of himself and several other inmates.[1]  The complaint is brought against (1) Joseph McDonald, Plymouth County Sheriff; (2) Brian Gillen, Superintendent at PCCF; (3) Tony Moniz, Director of Security at PCCF; (4) Michael Neri, Assistant Deputy Superintendent at PCCF; and (5) Michael Austin, a Unit Counselor at PCCF.  Plaintiff McDonald complains that prisoners that are confined to the protective custody unit and/or G-Unit at PCCF, such as himself, are denied access to the PCCF law library.  See Complaint.

---

[1] In addition to Steven McDonald, the case caption lists as plaintiffs Joel Weinrebe, Robert Manosky, Robert Ramos and John Doe.

Plaintiff alleges that his several requests to visit the law library were denied. Id. Plaintiff contends that he was directed to make a written request for the items he required from the law library. Id. at ¶ 5. He was also informed that "a computer is being put in [the] housing unit." Id. at ¶ 14. Plaintiff alleges that he needs to perform legal research for his six pending legal cases. Id. at ¶ 2.

## DISCUSSION

### I. Plaintiff Must Either Pay the Filing Fee or Submit a Certified Prison Account Statement

A prisoner filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis).

Plaintiff filed his self-prepared Motion to Proceed In Forma Pauperis, but did not submit a certified prison account statement for the 6-month period immediately preceding the complaint as required by Section 1915. See 28 U.S.C. § 1915(a)(1). Although prisoner litigants may file applications for fee waiver, under Section 1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee. Id. § 1915(b)(1).[2] The Court cannot assess an

---

[2]After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments

initial partial filing fee without plaintiff's certified prison account statement. Thus, plaintiff's motion will be denied without prejudice to its re-filing with a certified prison account statement. If plaintiff submits the filing fee or a new application with a certified prison account statement, he is also directed to demonstrate good cause why this action should not be dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

    II.  <u>Plaintiff McDonald Cannot Represent Anyone But Himself</u>

It is clear from the complaint that Steven McDonald is attempting to represent plaintiffs Joel Weinrebe, Robert Manosky, Robert Ramos and John Doe. Here, the factual allegations concern only Steven McDonald and he is the only party to have signed the pleadings. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see also</u> District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

---

equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Although Title 28 U.S.C. § 1654[3] permits persons to proceed <u>pro se</u>, this provision does not allow unlicensed laypeople to represent anyone but themselves.  <u>Eagle Associates v. Bank of Montreal</u>, 926 F.2d 1305, 1308 (2d Cir. 1991).  Here, Steven McDonald has not alleged he is a licensed attorney, and therefore, cannot represent anyone but himself.  Moreover, if Mr. McDonald is in fact an attorney, it is also not clear whether he is admitted to practice in this Court.  If he is not admitted to practice in this Court, he cannot represent another party.  See <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); District of Massachusetts Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").

The Clerk will be directed to correct the case caption of the complaint to list Steven McDonald as the sole plaintiff in this action.

ORDER

Based upon the foregoing, it is hereby

---

[3] Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.

ORDERED, plaintiff's Motion to Proceed In Forma Pauperis is denied without prejudice; and it is further

ORDERED, the clerk shall correct the case caption to list plaintiff McDonald as the sole plaintiff in this action; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall, within forty-two days of the date of this Order, file a new Application accompanied by his prison account statement.

The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of July, 2005.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE