UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
STEVEN McDONALD,              )
             Plaintiff,       )
                              )
        v.                    )    Civil Action No. 05-11412-PBS
                              )
JOSEPH MCDONALD,              )
          Defendant.          )
```

<u>MEMORANDUM AND ORDER</u>

By Order of July 25, 2005, plaintiff's Application to Proceed Without Prepayment of Fees was denied without prejudice to refiling within forty-two days.  The Order directed the clerk to correct the case caption to list plaintiff McDonald as the sole plaintiff.  A copy of the Order was mailed to plaintiff, who was incarcerated at the Plymouth County Correctional Facility. On August 2, 2005, the Order was returned by the postal service as undeliverable.

In an effort to confirm plaintiff's current address, a clerk of this Court contacted the Records Department for the Plymouth County Correctional Center and was informed that Mr. McDonald was no longer at Plymouth County Correctional Facility.  They were unable to provide a forwarding address for him.

Plaintiff was apparently released from the Plymouth County Correctional Facility and he has failed to inform the Court of his new address as required under this Court's local rules.  <u>See</u> District of Massachusetts Local Rule 83.5.2(e).  Local Rule 83.5.2(e) requires a party appearing <u>pro se</u> to notify the clerk of any change of address and provides that any party appearing

pro se that has not filed an appearance or provided a current
address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may
dismiss a claim "for failure of the plaintiff to prosecute or to
comply with these rules or any order of the court."  See Link v.
Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The fact that
plaintiff has not kept the Court advised of his current address
suggests that he may have lost interest in pursuing the claims
asserted in his complaint.  The Court is not required to delay
disposition in this case until such time as plaintiff decides to
comply with the requirement of providing his current address.

Accordingly, this action is subject to dismissal for want of
prosecution pursuant to Rule 41(b).

<u>ORDER</u>

Based upon the foregoing, it is hereby ORDERED that this
action is dismissed without prejudice for want of prosecution
pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.
A copy of this Order will be mailed to plaintiff at the address
shown on the docket sheet and on his pleadings.

SO ORDERED.


 February 9, 2006          /s/ Patti B. Saris
DATE                       Patti B. Saris
                           UNITED STATES DISTRICT JUDGE


2